**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**HUGO SNYDER-AGUIRRE,**

    Movant/Defendant,

vs.                                              **CIVIL NO.  09-0096 BB/DJS**
                                                         Criminal No.  05-1612 BB

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Herlong, California, as a result of his conviction pursuant to a guilty plea of one count of illegal reentry of a previously deported alien in violation of 8 U.S.C.§1326(a)(1), and one count of assaulting a federal officer in violation of 18 U.S.C. §111(a)(1).  Following Movant's guilty plea he was sentenced to a seventy-seven month term of imprisonment to be followed by three years supervised release.

2. By the instant motion Movant asserts that his sentence is illegal because he was denied

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

effective assistance of counsel by his attorney's acquiescence in "hybrid representation" at a motion hearing and by his attorney's failure to adequately challenge his original order of deportation. In addition, Movant sought to amend his §2255 petition (Docket No. 11) to add a claim that his attorney was ineffective for failing to address the circumstance of a previous conviction used to enhance his sentence. Movant's guilty plea waive his appellate rights, with the exception of his right to appeal the denial of a motion in limine concerned with his challenge to an alleged denial of due process at his deportation and his right to effective assistance of counsel. Movant filed a direct appeal, which was denied as to the motion in limine issue as meritless and denied as to his ineffective assistance of counsel claims to permit those claims to be brought as a §2255 motion. U.S. v. Snyder-Aguirre, 727 Fed. Appx. 717 (10th Cir. 2008). Movant filed a second motion to amend his petition (Docket No. 14) to add a claim that his attorney was ineffective for failing to challenge the admission of documents at his preliminary hearing which were not introduced in accordance with the standards set forth in Melendez-Diaz v. Massachusetts, ___U.S.___, 129 S.Ct. 2527(2009).

    3. Ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires that a person claiming ineffective assistance of counsel must show that their counsels' representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. In the context of a guilty plea, in order to establish prejudice a movant must show that "he would not have pleaded guilty and would have

insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001). Although Movant does not have to show that he would have prevailed at trial, his prospects of succeeding inform the Court's view of whether he would have gone to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir.2002).

    4. In this case, Movant signed a written plea agreement which explained the partial waiver of his appellate rights and his partial waiver of the right to collaterally attack his sentence in detail. United States v. Snyder-Aguirre, 05-Cr-1612 BB, Docket No. 66, pp. 5-6. Although Movant reserved his right to bring a §2255 motion on the ground of ineffective assistance of counsel, he explicitly stated that he was happy with his attorney's representation at the time he pleaded guilty. At his plea hearing, Movant affirmed under oath that his attorney had discussed his case with him, the charges against him, any available defenses, and conducted an investigation on his behalf. Respondent's Answer to Petition (Docket No. 13), Exhibit B, p. 9. Movant asserted that he was fully satisfied with his counsel and his attorney's representation of him. Id..

    5. Review of the transcript of the motion hearing, attached to Respondent's Answer to the Petition (Docket No. 13) as Exhibit A, shows that Movant's attorney repeatedly consulted with him during the hearing and offered arguments at Movant's request. Nonetheless, the motion in limine was unsuccessful and characterized by the appellate court as without merit. Movant cannot show that his attorney was ineffective at the hearing due to acquiescing in "hybrid representation" on the basis of a motion that is without merit. Regardless of how the motion was argued, Movant would not have been entitled to relief and would not have been less likely to plead guilty.

    6. Movant's assertion that his attorney failed to adequately charge his original order of deportation, thus rendering ineffective assistance of counsel, is also contradicted by the record. At the motion hearing on Movant's motion in limine Movant's counsel made clear that Movant sought

to challenge his current deportation proceedings, rather than his previous deportation proceedings. Respondent's Answer to the Petition (Docket No. 13), Exhibit A, pp. 4, 8.  The motion in limine which was the subject of the hearing was premised upon a challenge to Movant's deportation was drafted by him, not counsel, and challenged his current deportation proceedings, rather than the original proceedings.  United States v. Snyder-Aguirre, 05-Cr-1612 BB, Docket No. 54. Counsel was not ineffective for advancing the argument Movant requested, but by pleading guilty Movant admitted the government could prove that he was properly deported and then illegally reentered the United States. Further, Movant admitted under oath that he was a citizen of Mexico, that he had been convicted of an aggravated felony of possession with intent to distribute marijuana, that he had been deported after that conviction and that he returned to the United States without obtaining permission to do so. Respondent's Answer to the Petition (Docket No. 13), Exhibit B (Transcript of Plea Proceeding, pp. 16-17.

      7. A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Federal courts have dismissed criminal defendants' challenges to the knowing and voluntary nature of their pleas or plea waivers when their plea paperwork and colloquies clearly belied their challenges. See United States v. Aparicio, 214 Fed.Appx. 866, 868 (10th Cir.2007)(unpublished disposition); United States v. Bridges, 68 Fed.Appx. 896, 900 (10th Cir.2003)(unpublished disposition); United States v. Cortez, 31 Fed.Appx. 611, 617-18 (10th Cir.2002)(unpublished disposition). Here, Movant's challenge to his attorney's effectiveness in making arguments regarding the validity of his initial deportation is unavailing given his admission under oath of the validity of that proceeding as well as the evidence in the record showing he did not seek such a challenge prior to pleading guilty.

8. Movant's amended ground that his attorney was ineffective for failing to challenge the admission of documents at his preliminary hearing in light of Melendez-Diaz v. Massachusetts, ___U.S.___, 129 S.Ct. 2527(2009) also fails to set forth a ground for relief. The decision in Melendez-Diaz was handed down three years after Movant's guilty plea and his attorney could not be expected to anticipate the ruling. More importantly, by pleading guilty Movant gave up his right to challenge those documents and, in his plea hearing, he admitted the merit of the charges against him. He cannot show that his guilty plea, which resulted in the dismissal of three counts and a sentence in the lower end of the guideline range, was rendered involuntary by his attorney's failure to challenge documents at a time when no ground for such a challenge existed.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**